PER CURIAM.
In this workers’ compensation case, the Employer/Servicing Agent (E/SA) challenges an award of penalties and interest for the alleged late payment of impairment income benefits (IIBs) paid to Claimant by the E/SA under section 440.15(3), Florida Statutes (Supp.1996). All IIBs are based on the permanent impairment rating (PIR) attributable to the workplace injury. § 440.15(3)(a), Fla. Stat. (Supp.1996). Section 440.15(3)(a)l. provides that once the claimant reaches the date of maximum medical improvement (MMI), IIBs are “due and payable within 20 days after the carrier has knowledge of the [PIR].” Here, the Judge of Compensation Claims (JCC) erroneously concluded that IIBs were paid late because payment was made more than twenty days from the date of maximum *964 medical improvement (MMI) for the two PIRs based on Claimant’s workplace injuries. It is undisputed, however, that the E/SA paid IIBs within twenty days of obtaining knowledge of the PIRs assigned by Claimant’s independent medical examiner. Previously, authorized physicians indicated that Claimant did not have any PIR relative to the workplace injuries. Because the plain language of the statute makes payment due within twenty days of knowledge of any PIR, the E/SA’s payment of IIBs here was timely and no penalties, or interest for late payment are due. Accordingly, we REVERSE the order below.
PADOVANO, RAY, and MAKAR, JJ., concur.